IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Douglas Dymarkowski, Trustee,                    Case No. 3:23-cv-02053

        Appellant,

        v.

Teresa Nadeau,                                                    **ORDER**

        Appellee.

This is an appeal from the United States Bankruptcy Court for the Northern District of Ohio, Western Division. Appellant, Trustee Douglas Dymarkowski ("Trustee"), challenges the bankruptcy court's decision regarding his objection to Appellee, Teresa Nadeau's ("Debtor") claim of exemption of certain property that she transferred to a Trust about a year and ten months before filing her Chapter 7 bankruptcy case.

The Trustee filed a brief on appeal (Doc. 5), the Debtor filed an appellee brief (Doc. 6), and the Trustee filed a reply brief (Doc. 7).[1]

In this appeal, the Trustee argues that the Bankruptcy Court erred in its Order dated February 14, 2022 (the "February 14 Order"). *In re Nadeau*, No. 21-31239, 2022 WL 456708, *4 (N.D. Ohio Bankr. Feb 14, 2022) (Gustafson, J.). (Doc. 5, PgID. 46–7). In short, the only matter on

---

[1] In this Order, "Doc." indicates a docket entry in this case, *Dymarkowski, Trustee v. Nadeau*, the bankruptcy appeal before me. "Bankr. Doc." indicates a docket entry in *In re Nadeau*, N.D. Ohio Bankr. Case No. 21-31239, which is the underlying main bankruptcy action giving rise to this appeal. "Adv. Proc. Doc." indicates a docket entry in the adversary proceeding related to the main bankruptcy case, *Dymarkowski v. Nadeau as Trustee of the 858 Trust*, N.D. Ohio Bk., Case No. 21-03045.

Additionally, the Trustee requested oral argument. Because of the extensive record prepared before and by the bankruptcy court, I find that oral argument is not necessary for me to understand the issues and adjudicate the appeal.

Debtor, though represented by counsel in the bankruptcy proceeding, appears before me *pro se*.

1

appeal is the bankruptcy court's decision conditionally allowing the Debtor to claim an exemption in her lifetime beneficiary interest in her residence.

For the reasons explained below, I deny the appeal because the February 14 Order is not an appealable order.

## Background

On September 2, 2019, the Debtor created a revokable living trust (the "Trust"). (*Id*.). The Debtor voluntarily conveyed her entire interest in her residence (the "Property") to the Trust. (*Id*.).

On July 9, 2021, the Debtor filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court in the Northern District of Ohio, from which this appeal arises. (*See* Bankr. Doc. 1).

The Debtor included the Property in her claims of exemption on "Schedule C" of her bankruptcy petition, pursuant to OHIO REV. CODE § 2329.66(A)(1).[2] (Bankr. Doc. 1 at PgID. 18 of 58).

On August 31, 2021, the Trustee filed an objection to the Debtor's claim of exemption related to the Property. (Bankr. Doc. 18). His objection argued that the Debtor's transfer of the Property to the Trust was avoidable, and therefore, the Debtor was not entitled to claim the exemption. (*Id*.).

On September 3, 2021, the Trustee filed an adversary proceeding (the "Adversary Proceeding") against the Trust, alleging that the Debtor's transfer of the Property to the Trust was fraudulent. (*See* Bankr. Doc. 21; *and see* Adv. Proc. Doc. 1).

---

[2] The United States Bankruptcy Code allows a debtor to prevent the distribution of certain property by claiming it as exempt. *See Clark v. Rameker*, 573 U.S. 122, 124 (2014). "Exemptions allow a debtor to remove specific property from his bankruptcy estate (therefore protecting it from his creditors) for the debtor's own benefit." *In re Pursley*, No. 13–61707, 2014 WL 293557, at *2 (N.D. Ohio, Jan. 23, 2014).

2

In sum, therefore, two inter-related but separate proceedings were before the Bankruptcy Court: (1) the main bankruptcy case, where the merits of the Trustee's objection to the Debtor's claim of exemption was pending; and (2) the Adversary Proceeding, where the Trustee argued that the Debtor fraudulently transferred the Property to the Trust.

Upon the parties' stipulation, the Bankruptcy Court addressed the potential merits of the objection issue in the main bankruptcy case before it reached the merits of the avoidance issue in the Adversary Proceeding.

In its February 14 Order in the main bankruptcy proceeding, the Bankruptcy Court addressed this sequence, stating:

> While this approach may appear to "put the cart before the horse", the parties do not wish to go through the time and expense of litigating the avoidance issue, only to have the Debtor's claim of exemption – perhaps – exempt all of the equity in the property and prevent the estate (and its creditors) from receiving any benefit from the litigation. If the Debtor is entitled to claim all of the equity in the property as exempt, despite the transfer of the property to the [Trust], the litigation of the avoidance issue (which would normally come first) could be pointless.

*In re Nadeau*, *supra*, 2022 WL 456708 at *1.

The Court ruled that, if an exemption were later permitted, the most that Debtor could claim, if anything, was an amount "up to the value of her 'lifetime beneficiary interest.'" *Id.* at *4.

On February 25, 2022, the Trustee filed a motion to alter or amend that decision. (Bankr. Doc. 37). He argued, in short, that a later, successful avoidance would "nullif[y] the Debtor's transfer of the Property to the Trust, and, if avoidance occurs, the Debtor would not be able to claim even her lifetime beneficial interest in her residence." (*Id.* at PgID. 4).

On September 28, 2022, (nearly two years ago) the Bankruptcy Court denied the Trustee's motion to alter or amend. *In re Nadeau*, No. 21-31239, 2022 WL 4542768 (N.D. Ohio Bankr. Sept. 28, 2022) (Gustafson, J.).

3

The Trustee did not appeal either the February 14 Order or the September 28, 2022 decision denying the motion to amend or alter.

In the meantime, the Bankruptcy Court adjudicated the Adversary Proceeding. It held a trial in March of 2023 and after, it issued an order with its findings. *In re Nadeau*, No. 21-31239, Bankr. Adv. Proc. No. 21-03045, 2023 WL 6332837, *6 (N.D. Ohio Bankr. Ct., Sept. 28, 2023) (Gustafson, J.).

In its Adversary Proceeding order (the "AP Order"), the Court ruled in favor of the Trustee, finding that he "carried his evidentiary burden, giving rise to the inference of fraud, and Debtor did not meet her burden of rebutting that inference." *Id*. at *15. The Court stated:

> the transfer of the Property to the Trust within less than two years of the date of filing was made with actual intent to hinder, delay, or defraud and is therefore avoidable, and the Trustee shall be entitled to recover the property under 11 U.S.C. § 550, and such property shall be preserved for the benefit of the estate under 11 U.S.C. § 551.

*Id*.

The Trustee filed this appeal of the February 14 Order after the Court issued the AP Order. (Doc. 5, PgID. 53).

## Legal Standard

I have jurisdiction to hear bankruptcy appeals from "final judgments, orders, and decrees," "interlocutory orders and decrees issued under section 1121(d) of title 11," and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)." 28 U.S.C. § 158(a).

## Discussion

The February 14 Order is not a "final order" such that I can review it on appeal. Rather, when issued, it was conditional on the outcome of the recovery action.

The Supreme Court has set forth the meaning of a "final" and appealable order in bankruptcy cases. It stated: "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of

4

discrete disputes within the overarching bankruptcy case. *Ritzen Grp. Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard* v. *Blue Hills Bank*, 575 U.S. 496, 501 (2015)).

"Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.,* 547 U.S. 651, 657, n. 3 (2006) (internal quotation marks and emphasis omitted). The statute governing bankruptcy appeals "authorizes appeals as of right not only from final judgments in cases but from 'final judgments, orders, and decrees ... in cases and proceedings.' [28 U.S.C.] § 158(a)." *Bullard*, *supra*, 575 U.S. at 501–02.

In *Bullard*, the Supreme Court explained the concept of finality as it relates to a debtor's repayment plan:

> To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years. If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan.

*Id*.

Under this framework, either the bankruptcy court rejects a proposed plan, then negotiations continue, followed by amended proposed plans, or the bankruptcy court can accept the plan. *Ritzen Grp., supra,* 589 U.S. at 42 (describing *Bullard*, *supra*). The Court explained, "only plan confirmation—or case dismissal—alters the status quo and fixes the rights and obligations of the parties. When the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike. 11 U.S.C. § 1327(a)." *Bullard*, *supra*, 575 U.S. at 502.

In sum, the Supreme Court held that "a bankruptcy court's order rejecting a proposed plan was not 'final' under [28 U.S.C.] § 158(a) because it did not conclusively resolve the relevant 'proceeding.'" *Ritzen*, *supra*, 589 U.S. at 41 (describing *Bullard*, *supra*, 575 U.S. at 499, 501–03).

5

Later, in *Ritzen*, the Supreme Court applied *Bullard*'s finality analysis to a bankruptcy court's order denying relief from the automatic stay. The Court held that orders denying such motions are "final [and] immediately appealable decisions." *Id*.

Here, the February 14 Order did not conclusively resolve the Trustee's objection. It stated, in relevant part, "[I]t is ORDERED that, ***should the Chapter 7 Trustee prevail*** in his action to recover the real estate located at 920 Bury Rd., the Debtor's ***homestead exemption will be*** limited to her equity in the value of her 'lifetime beneficiary interest' in that property. (Bankr. Doc. 45, PgID. 9 of 9 (emphasis added)).

In short, the plain language of the February 14 Order indicates that the ruling was conditional on the outcome of the recovery action; specifically, *if* the Chapter 7 Trustee prevails in the recovery action, **then** the Debtor's homestead exemption would be limited to her lifetime beneficiary interest in the property.

By its very terms, the February 14 Order acknowledged the possibility that the Trustee may not prevail in the recovery action. Though, it turns out, the Trustee did prevail in the Adversary Proceeding, the Bankruptcy Court did not know that when it issued the February 14 Order. The Bankruptcy Court has yet to issue a final, non-conditional order that fully resolves the Trustee's objections.

The February 14 Order is akin the order in *Bullard*, in that it does not, on its own, "fix the rights and obligations of the parties," or "fix the status quo." *Bullard*, *supra*, 502. By its own clear terms, that must be done before the objection is finally resolved.

Because the Trustee took this appeal on a non-final order, I dismiss this matter for lack of jurisdiction and remand the case to the bankruptcy court for further proceedings.

**Conclusion**

For the foregoing reasons it is hereby, ORDERED THAT the Trustee's Appeal of the Bankruptcy Court's Order (Doc. 1) be, and the same hereby is, dismissed. I remand the case to the bankruptcy court for further proceedings.

SO ORDERED.

DATE: 7/12/2024

*/s/James G. Carr*
Sr. U.S. District Judge